UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELANA AIELLO,

*Plaintiff*,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.; EQUIFAX
INFORMATION SERVICES, LLC;
TRANS UNION LLC; NELNET
SERVICING, INC.,

*Defendants*.

Civ. No.: 4:25-cv-40131-MRG

**MEMORANDUM AND ORDER**

**GUZMAN, J.**

Defendant Nelnet Servicing, Inc.'s ("Nelnet") Motion to Dismiss Count III of the Complaint [ECF No. 30] is **GRANTED**. Count III is **DISMISSED WITHOUT PREJUDICE**, with leave to amend as set forth below. Counts I and II against Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC are unaffected.

This is a Fair Credit Reporting Act ("FCRA") case. Congress enacted the FCRA in 1970 "to ensure fair and accurate credit reporting[.]" Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007) (citing 84 Stat. 1128 (1970)). In addition to regulating consumer reporting agencies ("CRAs"), the FCRA imposes duties on furnishers of credit information—including banks, lenders, and loan servicers—to ensure that the information they provide to CRAs is accurate. Roberts v. Carter-Young, Inc., 131 F.4th 241, 245 (4th Cir. 2025). Nelnet is one such furnisher.

1

To state a claim under 15 U.S.C. § 1681s-2(b), a plaintiff must plausibly allege that a furnisher reported inaccurate information after receiving notice of a consumer dispute. Chiang v. Verizon New Eng., Inc., 595 F.3d 26, 35–38 (1st Cir. 2010).

Plaintiff Elana Aiello ("Plaintiff") alleges that, for more than a decade, she maintained a perfect payment history on her student loans, resulting in a FICO score of 793. [ECF No. 1 ¶¶ 52, 56]. According to the Complaint, that changed after servicing of the loans was transferred from Great Lakes Higher Education Corporation ("Great Lakes") to Nelnet. [Id. ¶¶ 53, 57–58]. Although Great Lakes advised Plaintiff that "[n]o action [was] needed" and represented that the transition would be "seamless," Plaintiff alleges that a data-transfer error caused Nelnet to populate her account with an incorrect mailing address, email address, and telephone number. [Id. ¶¶ 58, 60].

Plaintiff alleges that, because of the incorrect contact information—and because she relied on Great Lakes' representation that no action was required—she never received billing statements or payment notices from Nelnet and consequently failed to make payments that became due. [Id. ¶¶ 59, 65–66].

Nelnet argues that Count III fails because Plaintiff admits that she missed the payments reported to the CRAs. [See, e.g., ECF No. 31 at 7; ECF No. 41 at 2–3]. According to Nelnet, that admission forecloses any § 1681s-2(b) claim that its reporting was inaccurate.

Nelnet is correct that Plaintiff admits that she missed the reported payments. That admission, however, does not necessarily defeat an FCRA claim. Reporting may be "inaccurate" not only when it is factually false but also when technically accurate information is presented in a manner that creates a materially misleading impression of a consumer's creditworthiness. See, e.g., McIntyre v. RentGrow, Inc., 2021 WL 3661499, at *7 (D. Mass. July 22, 2021), aff'd, 34 F.4th 87

(1st Cir. 2022) (collecting cases); Saunders v. Branch Banking & Tr. Co. of Va., 526 F.3d 142, 148 (4th Cir. 2008).

The difficulty is that the Complaint does not plausibly allege either theory. Although Federal Rule of Civil Procedure 8 permits alternative and even inconsistent pleading, the Complaint alternately alleges that Nelnet's reporting was false while acknowledging that the reported delinquencies actually occurred. As presently pleaded, those allegations do not plausibly support a claim of factual inaccuracy. Nor does the Complaint allege facts explaining why the reporting of admittedly missed payments nevertheless created a materially misleading impression of Plaintiff's creditworthiness to support a § 1681s-2(b) claim.

Because the Court cannot conclude that amendment would be futile, dismissal will be without prejudice. In deciding whether any amended complaint states a plausible claim under § 1681s-2(b), the Court will be guided, in part, by the relatively limited body of authority addressing claims that technically accurate credit reporting may nevertheless be materially misleading. See, e.g., Abukhodeir v. AmeriHome Mortg. Co., 2021 WL 3510814, at *3–4 (M.D. Fla. Aug. 10, 2021). Plaintiff may wish to consider these authorities before deciding whether to amend.

Plaintiff may file an amended complaint within twenty-one (21) days of this Order. Any amended complaint shall (1) clearly identify whether Plaintiff proceeds on a theory of factual inaccuracy, materially misleading reporting, or both pleaded in the alternative; and (2), if asserting a materially misleading reporting theory, allege facts explaining why Nelnet's reporting created a materially misleading impression notwithstanding Plaintiff's admitted missed payments. Plaintiff should also consider whether any amended theory depends upon resolving a legal dispute over whether the payments were actually owed, as the FCRA generally does not provide a vehicle for

adjudicating such disputes. See, e.g., Chuluunbat v. Experian Info. Sols., Inc., 4 F.4th 562, 567 (7th Cir. 2021). Failure to file a timely amended complaint will result in dismissal of Count III with prejudice.

Finally, the Court notes that Plaintiff appears to have attempted to clarify her theory of FCRA liability in her opposition papers. Even assuming that is so, a plaintiff may not amend her complaint through arguments raised in opposition to a motion to dismiss. Caldwell v. Cambra, 802 F. Supp. 3d 8, 42 (D. Mass. 2025) (citing Redondo-Borges v. U.S. Dep't of Hous. & Urb. Dev., 421 F.3d 1, 7 n.2 (1st Cir. 2005)) ("[A] plaintiff cannot amend his complaint by adding new allegations or theories in an opposition to a motion to dismiss."). Should she decide to amend, whatever theory Plaintiff elects to pursue—e.g., factual inaccuracy, materially misleading reporting, or both in the alternative—it must be clearly alleged in the amended complaint itself rather than developed through briefing.

**SO ORDERED.**

Dated: July 22, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge

4